1

2

3

4

5

6          IN THE UNITED STATES BANKRUPTCY COURT FOR THE
           WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| 8 | ) | Bankruptcy No. 21-11288-CMA |
| ALBERTO TANGONAN TANGONAN JR., | ) | |
| 9 | ) | TRUSTEE'S MOTION FOR |
| Debtor(s). | ) | RECONSIDERATION OF ORDER |
| 10 | ) | OVERRULING TRUSTEE'S |
| | ) | OBJECTION TO DEBTOR'S |
| 11 _____ | ) | HOMESTEAD EXEMPTION |

12          COMES NOW the duly appointed trustee, Edmund J. Wood, through counsel, The Livesey

13   Law Firm, and Rory C. Livesey, pursuant to Fed. R. Civ. P. 60(b) and Local Rule of Bankruptcy

14   Procedure 9013-1(h), and files this Motion for Reconsideration of this Court's order dated January

15   19, 2022, (Docket No. 44), overruling the trustee's objection to the debtor's homestead exemption.

16   Rule 9013-1(h) incorporates Local District Court Rule 7(h).  The trustee acknowledges that the rule

17   states motions for reconsideration are disfavored.  However, following the language of the rule, the

18   trustee believes that there are certain matters in its ruling on the trustee's objection to the debtor's

19   homestead exemption that were overlooked by the Court.

20                          I.  PROCEDURAL POSTURE

21          The debtor filed a Chapter 7 petition on June 30, 2021.  The only asset of the estate is the real

22   property located at 3461 N.E. Partridge Hollow Road, Bremerton, Washington  98310 ("the

23   Property").  The pleadings filed in this case list the value of the Property at between $460,000 and

24   $600,000.  The Property is subject to a deed of trust with a balance owing on the date of filing of

25   $398,380.09.   The debtor's schedules list a $111,810.59 priority claim of the Internal Revenue

Service ("IRS").  However, the IRS filed a lien on July 15, 2015.  Based on the amended proof of

**TRUSTEE'S MOTION FOR RECONSIDERATION**
**OF ORDER OVERRULING TRUSTEE'S**                    THE LIVESEY LAW FIRM
**OBJECTION TO DEBTOR'S HOMESTEAD**                  2033 Sixth Avenue, Suite 900
**EXEMPTION -** 220131bMot   Page 1                  Seattle, WA 98121
                                                     (206) 441-0826

1  claim filed by the IRS, $53,621.67 of the secured claim is made up of penalties.  That portion of the

2  IRS lien can be avoided pursuant to 11 U.S.C. § 724(a).   The IRS has agreed to the avoidance of

3  the penalty portion of the claim.  The crux of the trustee's argument in this case is that the Court's

4  determination that the entire Property effectively passes out of the estate as a result of the wording

5  in the new Washington Homestead Statute as it relates to Section 724(a) of the Bankruptcy Code

6  conflicts with the Supremacy Clause of the U.S. Constitution.

7       The State of Washington recently revised the state homestead statutes.  Among the changes

8  to the statutes, the $125,000 homestead limit has been increased to the median home price for the

9  county in which the property is located.  In his original schedules, the debtor claimed $51,619.91

10  of his interest in the Property as exempt pursuant to RCW 6.13, *et. seq.*  On August 12, 2021, the

11  debtor amended his schedules (Docket No. 13) and claimed as exempt, also pursuant to RCW 6.13.,

12  *et. seq.*, "100% of fair market value, up to any applicable statutory limit."   Under the new

13  homestead statutes, the median home price in Kitsap County was $438,300.  *Washington Center*

14  *for Real Estate Research.*  There is no equity in the Property after the liens and the homestead.  On

15  September 10, 2021, the trustee filed an objection to the debtor's homestead exemption (Docket No.

16  19).  The trustee filed a motion to determine the debtor's homestead exemption (Docket No. 34).

17  The debtor responded to the trustee's motion (Docket No. 35) and the trustee filed a reply (Docket

18  No. 38).  On January 19, 2022, the Court entered the order overruling the trustee's objection to the

19  exemption (Docket No. 44).   The Court concluded that the debtor's entire interest in the Property,

20  as defined in the new statute, is exempt.  The ruling in effect removes the entire Property from the

21  bankruptcy estate.

22                                   II.  ARGUMENT

23       Generally, when property is subject to an exemption, the exempt interest passes out of the

24  estate.  *In re Mwangi*, 764 F.3d 1168, 1175 (9th Cir. 2014).  In this instance, the trustee is not

25

**TRUSTEE'S MOTION FOR RECONSIDERATION**
**OF ORDER OVERRULING TRUSTEE'S**
**OBJECTION TO DEBTOR'S HOMESTEAD**
**EXEMPTION -** 220131bMot   Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 21-11288-CMA   Doc 51   Filed 02/02/22   Ent. 02/02/22 14:26:57   Pg. 2 of 5

1  challenging the dollar amount calculation of the revised homestead statute.[1]  The issue is with the

2  determination that the debtor's exemption in non-monetary interests, as defined in RCW 6.13.070,

3  causes the entire Property to pass out of the estate.  For the purpose of this motion, the trustee asserts

4  that removing the Property from the estate also eliminates the trustee's ability to avoid the penalty

5  portion of the IRS lien under 11 U.S.C. § 724(a).[2]  Citing *In re Applebaum*, 422 B.R. 684 (9th Cir.

6  BAP 2009) in the original motion and in the reply, the trustee is arguing that if the new homestead

7  statute has the effect of removing the entire Property from the estate and, to the extent it eliminates

8  the trustee's ability to avoid the penalty portion of the IRS lien under Section 724(a), the new

9  homestead statute is preempted by the Bankruptcy Code.  The Court in *Applebaum*, discussing both

10 preemption and the Uniformity Clause, broadly found that California's "bankruptcy only" exemption

11 statute did not violate the Supremacy Clause.  However, the trustee's focus in this case is much

12 narrower.

13       The Supremacy Clause, U.S. Const., Art. VI, cl. 2, states that the laws of the United States

14 shall be the supreme laws of the land.  Under the Supremacy Clause, federal law may supersede state

15 law in several different ways.  *In re Baker & Drake, Inc.,* 35 F.3d 1348, 1353 (9th Cir. 1994).

16 Section 724(a) is intended to protect innocent creditors from the consequence of the debtor's

17 wrongdoing in failing to pay taxes.  *H.R. Rep*. No. 95-595 at 382, reprinted in App. Pt. 4(d)(1)-1523.

18 *See, also, Simonson v. Granquist*, 369 U.S. 38, 40, 82 S. Ct. 537, 539, 7 L. Ed. 2d 557 (1962)

19 (interpreting Section 57 of the Bankruptcy Act, the predecessor to Section 724[c]).  The Bankruptcy

20 Code authorizes states to enact their own exemption scheme.  However, state law is inapplicable to

21 the extent that it actually conflicts with federal law.  Such a conflict arises when "compliance with

22 both federal and state regulations is a physical impossibility" or when state law "stands as an

23 _____

24       [1]The trustee is not waiving any argument challenging the constitutionality of the new Washington Homestead
    Statutes.

25       [2]The trustee acknowledges that the argument is slightly different than raised in response to the debtor's motion
    to abandon the Property (Docket No. 27).  However, the trustee's position in both instances is that the penalty portion
    of the IRS lien is ultimately avoidable by the trustee.

**TRUSTEE'S MOTION FOR RECONSIDERATION**
**OF ORDER OVERRULING TRUSTEE'S**
**OBJECTION TO DEBTOR'S HOMESTEAD**
**EXEMPTION -** 220131bMot   Page 3

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

1    obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *In*

2    *re Baker & Drake, Supra*, (*quoting Hillsborough County v. Automated Med. Labs., Inc.,* 471 U.S.

3    707, 713, 85 L. Ed. 2nd 714, 105 S. Ct. 2371 (1985). To the extent that the new homestead statute

4    renders Section 724(a) a nullity, the homestead statute stands as an obstacle to the accomplishment

5    and execution of the Bankruptcy Code's objectives. That objective is to not allow the debtor to

6    benefit by not paying his taxes at the expense of his general unsecured creditors. Federal bankruptcy

7    preemption is more likely (1) where a state statute facially or purposefully carves an exception out

8    of the Bankruptcy Act, or (2) where a state statute is concerned with economic regulation rather than

9    with protecting the public health and safety. *Id.*

10       Satisfying either of the above tests will trigger the Supremacy Clause. In this instance, both

11    tests would be applicable. Specifically, RCW 6.13.070 is a "bankruptcy only" state exemption

12    statute. The statute states:

13                                . . .

14          (2)    In a bankruptcy case, the debtor's exemption shall be
determined on the date the bankruptcy petition is filed. If the
15                    value of the debtor's interest in homestead property on the
petition date is less than or equal to the amount that can be
16                    exempted under RCW 6.13.030, then the debtor's entire
interest in the property, including the debtor's right to
17                    possession and interests of no monetary value, is exempt.
Any appreciation in the value of the debtor's exempt interest
18                    in the property during the bankruptcy case is also exempt,
even if in excess of the amounts in RCW 6.13.030(1). . ..

19

20       Although the bankruptcy only state exemptions can survive a constitutional challenge, in this

21    instance RCW 6.13.070, although not likely intending to do so, has the effect of neutralizing Section

22    724(a) of the Bankruptcy Code. As the Supremacy Clause of the U.S. Constitution places federal

23    law ahead of state law, Section 724(a) preempts the state homestead statute to the extent the

24    homestead statute conflicts with the Bankruptcy Code.

25       Moreover, the statute appears to be concerned with economic regulation, specifically

   providing for debtors in bankruptcy to carry sufficient assets to start over after their debts are

**TRUSTEE'S MOTION FOR RECONSIDERATION**
**OF ORDER OVERRULING TRUSTEE'S**
**OBJECTION TO DEBTOR'S HOMESTEAD**
**EXEMPTION -** 220131bMot   Page 4

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 21-11288-CMA   Doc 51   Filed 02/02/22   Ent. 02/02/22 14:26:57   Pg. 4 of 5

1    discharged, as opposed to protecting public health and safety. *Cf. Midlantic Nat'l Bank v. New*

2    *Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 88 L. Ed. 2d 859, 106 S. Ct. 755 (1986). (The Supreme

3    Court held that the Bankruptcy Code did not preempt a state statute that was reasonably designed

4    to protect the public health or safety from identified hazards.) As the new homestead statute is not

5    intended to protect public health or safety, removing the homestead Property from the estate violates

6    the Supremacy Clause to the extent it eliminates the effectiveness of 11 U.S.C. § 724(a).

7                                        III.  CONCLUSION

8            For the purposes of this Motion for Reconsideration, the trustee argues only that an

9    interpretation of the new homestead statute that removes the entire Property from the estate is invalid

10   in those instances where a trustee may avoid a lien for tax penalties under Section 724(a). The

11   Bankruptcy Code section has the very specific purpose of preventing a debtor from benefitting from

12   his failure to pay taxes to the detriment of the creditors. An interpretation of the state homestead

13   statute that removes the Property from the estate and renders 11 U.S.C. § 724(a) ineffective should

14   fail under the Supremacy Clause.

15           RESPECTFULLY SUBMITTED this 2nd day of February, 2022.

16                                        THE LIVESEY LAW FIRM

17
                                         /S/ *Rory C. Livesey*
18                                       _____
                                         Rory C. Livesey, WSBA #17601
19                                       Attorney for Edmund J. Wood, Trustee

20

21

22

23

24

25

**TRUSTEE'S MOTION FOR RECONSIDERATION**
**OF ORDER OVERRULING TRUSTEE'S**
**OBJECTION TO DEBTOR'S HOMESTEAD**
**EXEMPTION -** 220131bMot   Page 5

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 21-11288-CMA   Doc 51   Filed 02/02/22   Ent. 02/02/22 14:26:57   Pg. 5 of 5