Entered on Docket February 9, 2022

**Below is the Order of the Court.**



_____
**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

---

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Chapter 7 |
| Alberto Tangonan Tangonan, Jr., | Case No. 21-11288 |
| Debtor. | ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION |

This matter came before the Court on the Trustee's Motion for Reconsideration [ECF No. 51] (the "Motion"). The Motion requests reconsideration of the Court's Order Overruling Trustee's Objection to Debtor's Homestead Exemption [ECF No. 44]. In the Motion, the Trustee asserts that the Court erred in concluding that the Debtor's homestead exemption removed the real property at issue entirely because such a conclusion violates the United States

Order - 1

Constitution's Supremacy Clause when applied to a case in which the Trustee may seek avoidance of certain tax liens under 11 U.S.C. §724.

Motions for reconsideration are disfavored and are usually to be denied without a showing of either manifest error or of new facts or law that could not have previously been brought before the Court with reasonable diligence. Local Civil Rule 7(h), applicable through Local Bankruptcy Rule 9013-1(h).

The Trustee has shown no new facts or law that could not have previously been brought before this Court. In the Trustee's Motion for an Order Determining Debtor's Exemption, the Trustee references the case he relies on in the current Motion, stating: "[n]otwithstanding the potential conflict with the Bankruptcy Code *(See In re Applebaum*, 422 B.R. 684 [9th Cir. BAP 2009] [Dissent]), the clear purpose of that provision is to make sure that postpetition appreciation of the property inures to the benefit of the debtor when there is no value in the property for the bankruptcy estate on the date of filing." ECF No. 34 at *2. The Trustee did not further elaborate on this argument in further briefing or at oral argument. The Motion does not explain why the argument the Trustee now presents could not have previously been brought before the Court. Further, the Trustee has identified no manifest error made by the Court in its prior ruling. Now, therefore, it is hereby

ORDERED that the Motion is DENIED.

///END OF ORDER///

Order - 2