Honorable Christopher M. Alston

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

ALBERTO TANGONAN TANGONAN JR.,

Debtor

Chapter 7
Case No. 21-11288-CMA

**RESPONSE TO DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM OF UNITED STATES (INTERNAL REVENUE SERVICE)**

The United States of America, on behalf of the Internal Revenue Service, hereby responds to the Debtor's Objection to Claim. (Dkt. 54). The United States requests that the Court overrule the objection, or, in the alternative, set a discovery schedule.

I. **Background**

Debtor filed this Chapter 7 case on June 30, 2021. (Dkt. 1). On August 17, 2021, the IRS filed a timely proof of claim and later amended it three times, most recently on February 2, 2022. The operative proof of claim asserts a secured claim based on income tax assessments for the 2009 year, a priority unsecured claim based on income tax assessments for the 2018—2019 tax years, and a general unsecured claim for the penalties associated with the above assessments. (Claim No. 4-2). On February 15, 2022, the Court entered an order avoiding the penalty portion of the IRS tax lien pursuant to 11 U.S.C. § 724(a), and otherwise allowing the IRS claim in full. (Dkt. 58).

Debtor objects to unsecured priority portion of the United States claim. In support, he attaches an

undated declaration asserting that he has filed amended returns for the 2019 and 2020 tax years, and an original return for the 2018 year, which he states, show that he is entitled to refunds for each of those years. (Dkt. 55).[1]

## II. Argument

Rule 3001 provides that a proof of claim executed and filed in accordance with the bankruptcy rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). A properly executed proof of claim both shifts the evidentiary burden of producing evidence and entitles the claimant to share in the distribution "unless an objector comes forward with evidence contradicting the claim." *In re Global W. Dev. Corp.*, 759 F.2d 724, 727 (9th Cir. 1985). To overcome the claim's presumption of validity, the objecting party must come forward with evidence equal in probative force to that underlying the proof of claim. *See Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991). With regard to tax liabilities in particular, the burden of proof is on the taxpayer and does not shift to the government simply because the liabilities are contested under the aegis of bankruptcy. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21–22 (2000).

### *Debtor's 2018 Income Tax Liability*

The United States' priority unsecured claim for the 2018 tax year is estimated based on available information because the Debtor had not filed a tax return at the time of the petition. (*See* Claim No. 2-4). Debtor now asserts that he has filed a 2018 return, which he contends shows that he is due a refund. (Dkt. 55). However, the IRS has no record that such a return was filed. Declaration of Priscilla Burks ("Burks Decl.) ¶¶ 5-6[2] The IRS may be able to amend its proof of claim upon receipt of a complete,

---

[1] The Declaration states that "the respective tax returns are attached hereto and incorporated herein by this reference." However, the only additional exhibit accompanying Debtor's Objection to Proof of Claim is a photograph of what appears to be Debtor's 2018 return dated August 8, 2021. (Dkt. 54-2).

[2] It is possible that Debtor's 2018 return has not yet been processed by the IRS.

signed, unredacted copy of Debtor's 2018 return; however, to date, Debtor has not provided such a copy. *Id* ¶ 7. Accordingly, Debtor's objection should be overruled with respect to the 2018 income tax assessment.

### *Debtor's 2019 Income Tax Liability*

At the time of the petition, the IRS also had not yet received Debtor's 2019 tax return. (Claim No. 2-1). The IRS has now received Debtor's 2019 tax return and amended its proof of claim accordingly. (Claim No. 2-4). The IRS's unsecured priority claim for the 2019 year is based upon a return Debtor filed on or around February 24, 2021. Burks Decl. ¶ 8. Debtor's return showed a refund due of $1,106; however, the IRS corrected a math error on the return and determined that Debtor had a tax liability of $1,861.85 and an unpaid tax liability of $755.85, plus interest and penalties. *Id.* ¶ 9. In November 2021, Debtor submitted an amended redacted Form 1040 for 2019 and an unsigned Form 1040-X, Amended U.S. Individual Income Tax Return, for the 2019 tax year to the IRS Insolvency Specialist. *Id.* ¶ 10. However, the IRS was unable to process the amended returns because they were redacted and unsigned, and Debtor did not submit signed and unredacted forms despite being asked to do so. *Id* ¶10. Accordingly, Debtor's Objection should be overruled with respect to the 2019 tax assessment.

### *Debtor's 2020 Income Tax Liability*

At the time of the petition, the IRS also had not yet received Debtor's 2020 tax return. (Claim No. 2-1). Since that time, the IRS has processed Debtor's tax return, which showed a refund due of $1,526. Burks Decl. ¶ 11. That refund has been applied to Debtor's 2009 income tax liability. *Id.* ¶ 12[3] After processing Debtor's 2020 return, the IRS amended its proof of claim to show $0 due for the 2020 tax year. Claim No. 2-4. Accordingly, Debtor's Objection to Proof of Claim should be overruled as moot

---

[3] A setoff of an income tax refund with respect to a pre-petition period against an income tax liability that also ended pre-petition does not violate the automatic stay. 11 U.S.C. § 362(b)(26).

with respect to the 2020 tax year.

*IRS Secured Claim*

Neither Debtor's Objection to Proof of Claim nor any of the supporting materials address the secured portion of the IRS Claim. However, Debtor's proposed order submitted with the Objection would disallow the IRS claim in full if approved by the Court. *See* (Dkt. 54-1) ("it is hereby ORDERED, ADJUDGED AND DECREED that Claim No. 2 filed by Internal Revenue Service as partially unsecured priority [] and *as secured* [] be and it (sic) hereby is disallowed in it's (sic) entirety") (emphasis added). Because Debtor has submitted no materials nor made any argument to support disallowing the secured portion of the IRS claim, Debtor's Objection should be overruled to the extent it objects to the secured portion of the IRS Claim.

### III. CONCLUSION

For the foregoing reasons, the United States, on behalf of the IRS, respectfully requests that the Court overrule Debtor's objection to claim and allow the IRS Claim, Claim No. 2-4, subject to the Court's February 15, 2022, order allowing the IRS claim. (Dkt. 58).

Dated: April 13, 2022.  Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Isaac M. Hoenig .
ISAAC M. HOENIG, New York Bar
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-5963
Fax: (202) 307-0054
E-mail: Isaac.M.Hoenig@usdoj.gov
*Attorney for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all parties that have appeared in this case.

> */s/ Isaac M. Hoenig*
> ISAAC M. HOENIG
> Trial Attorney
> United States Department of Justice, Tax Division